| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Thomas P. Giordano, SBN 155548<br>Law Office of Thomas P. Giordano<br>500 N. State College Blvd., #530<br>Orange, CA 92868<br>Tel: (714) 912-7835<br>Fax: (714) 912-7860; (714) 627-4334<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Debtors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>HAWSHON DANIEL RILEY, DAGNY BRUNSGAARD RILEY,<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 10-36661-AA<br>DATE: 7/1/10<br>TIME:<br>CTRM: 1375<br>FLOOR: 13th |
|---|---|

# NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE; AND
### (with supporting declarations) TO VACATE 109(g) RESTRICTION
### (MOVANT: HAWSHON RILEY, DAGNY BRUNSGAARD RILEY)

1. NOTICE IS HEREBY GIVEN to BAC Home Loans Servicing, L.P. ("Secured Creditor/Lessor"), Trustee (if any), and affected creditors ("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the Motion on the grounds set forth in the attached Motion.

2. Hearing Location:   ☒ 255 East Temple Street, Los Angeles   ☐ 411 West Fourth Street, Santa Ana
                        ☐ 21041 Burbank Boulevard, Woodland Hills   ☐ 1415 State Street, Santa Barbara
                        ☐ 3420 Twelfth Street, Riverside

3. a. ☐ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☒ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

   ☐ at the hearing   ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the appropriate creditor(s) and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                F 4001-1M.IS

| Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 2 of ___ | | F 4001-1M.IS |
|---|---|---|
| In re  (SHORT TITLE)<br>HAWSHON DANIEL RILEY, DAGNY BRUNSGAARD RILEY, | | CHAPTER: 11 |
| | Debtor(s). | CASE NO.: 10-36661-AA |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 6/29/10

Law Office of Thomas P. Giordano
_____
Print Law Firm Name (if applicable)

Thomas P. Giordano, Esq.
_____          _____
Print Name of Individual Movant or Attorney for Movant          Signature of Individual Movant or Attorney for Movant

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                    F 4001-1M.IS

Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 3 of ____    F 4001-1M.IS

| In re (SHORT TITLE) HAWSHON DANIEL RILEY, DAGNY BRUNSGAARD RILEY, | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NO.: 10-36661-AA |

## MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE
(MOVANT: HAWSHON RILEY, DAGNY BRUNSGAARD RILEY )

1. **The Property or Debt at Issue:**
   a. [X] Movant moves for an order imposing a stay with respect to the following property ("this Property" or "the Property"):

   ☐ Vehicle (describe year, manufacturer, type, and model):
   Vehicle Identification Number:
   Location of vehicle (if known):

   ☐ Equipment (describe manufacturer, type, and characteristics):
   Serial number(s):
   Location (if known):

   ☐ Other Personal Property (describe type, identifying information, and location):

   [X] Real Property
   Street Address: 8280 Grand View Drive
   Apt./Suite No.:
   City, State, Zip Code: Los Angeles, CA 90046
   Legal description or document recording number (include county of recording):
   ☐ See attached continuation page

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) BAC Home Loans Servicing, L.P., P. O. Box 5170, Simi Valley, CA   to secure the sum of approximately $1,312,500.00 now owed. ("Secured Creditor/Lessor"). Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (Attach additional sheets as necessary)

   b. [X] Movant moves for an order **imposing a stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the Secured Creditors/Lessors as described in this motion; and/or

   c. [X] Movant moves for an order **imposing a stay** as to all creditors.

   d. ☐ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the Secured Creditor/Lessor, and/or

   e. ☐ Movant moves for an order **continuing the automatic stay** as to all creditors.

2. **Case History:**
   a. [X] A voluntary ☐ An involuntary petition concerning an individual[s] under Chapter ☐ 7  [X] 11  ☐ 12  ☐ 13 was filed concerning the present case on (specify date): 6/29/10
   b. ☐ An Order of Conversion to Chapter ☐ 7  ☐ 11  ☐ 12  ☐ 13 was entered on (specify date):
   c. ☐ Plan was confirmed on (specify date):

(Continued on next page)

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    F 4001-1M.IS

Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 4 of ____    F 4001-1M.IS

| In re (SHORT TITLE) HAWSHON DANIEL RILEY, DAGNY BRUNSGAARD RILEY, | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NO.: 10-36661-AA |

d. [X] Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

1. Case Name: Hashon Daniel Riley, Dagny Brunsgaard Riley
   Case Number: 10-25906-VK    Chapter: 13
   Date Filed: 4/23/10    Date Dismissed: 6/17/10
   Relief from stay re this property    [ ] was    [X] was not granted
   Reason for dismissal: Debtors' case was dismissed for the failure to appear at the 341 (a) Meeting of Creditors. Debtors' prior case had been requested to be converted to a Chapter 11 on May 7 2010.

2. Case Name:
   Case Number:    Chapter:
   Date Filed:    Date Dismissed:
   Relief from stay re this property    [ ] was    [ ] was not granted
   Reason for dismissal:

   [ ] See attached continuation page

e. [ ] As of the date of this motion the Debtor [ ] has [ ] has not filed a statement of intentions regarding this Property as required under 11 U.S.C.§521(a)(2). If a statement of intentions has been filed, Debtor [ ] has [ ] has not performed as promised therein.

f. [ ] The first date set for the meeting of creditors under 11 U.S.C.§341(a) is/was _____ and the court [ ] has [ ] has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2). The extended date (if applicable) is _____.

g. [ ] In a previous case(s), as of the date of dismissal there was [ ] an action by the Secured Creditor/Lessor under 11 U.S.C.§362(d) still pending or [ ] such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3. The equity in the property is calculated as follows:

   a.  1. Property description/value: 8280 Grand View Drive, Los Angeles    $ 1,233,000.00
       2. Creditor/Lien amount: BAC Home Loans Servicing, L.P.-1st TD    $ 1,312,000.00
       3. Creditor/Lien amount: Bank of America-2nd TD    $ 403,181.00
       4. Creditor/Lien amount: ____    $ 0.00
       5. Creditor/Lien amount: ____    $ 0.00
       6. Total Liens    $ 1,715,181.00
       7. Debtor's Homestead Exemption    $ 100,000.00
       8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)    $ 0.00

   b.  1. Property description/value: 1853 Clyde Avenue, Los Angeles, CA    $ 462,500.00
       2. Creditor/Lien amount: BAC Home Loans Servicing, L.P.-1st TD    $ 750,000.00
       3. Creditor/Lien amount: ____    $ 0.00
       4. Creditor/Lien amount: ____    $ 0.00
       5. Creditor/Lien amount: ____    $ 0.00
       6. Total Liens    $ 750,000.00
       7. Debtor's Homestead Exemption    $ 0.00
       8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)    $ 0.00

   [ ] See attached continuation page(s)

4. **Grounds for Continuing The Stay:**

   a. [ ] Pursuant to 11 U.S.C.§362(c)(3) the stay should be continued on the following grounds:

      1. [ ] The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual debtor which was pending within the year preceding the petition date was dismissed, because:

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    F 4001-1M.IS

Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 5 of ____      F 4001-1M.IS

In re (SHORT TITLE)
HAWSHON DANIEL RILEY, DAGNY BRUNSGAARD RILEY,
                                                            Debtor(s).

CHAPTER: 11

CASE NO.: 10-36661-AA

A. ☐ The prior dismissal was of a case not refiled under Chapter 7 after dismissal under 11 U.S.C. § 707(b);

B. ☐ Good faith is shown because _____
_____
_____

☐ See attached continuation page(s)

2. ☐ The Property is of consequential value or benefit to the estate because:

   A. ☐ The fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached (describe separately as to each property);

   B. ☐ The Property is necessary to a reorganization for the following reasons: _____
   _____
   _____

   ☐ See attached continuation page

   C. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection): _____
   _____
   _____

   ☐ See attached continuation page

3. ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

   A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

   B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 and resulting in dismissal was excusable because such failure was caused by the negligence of debtor's attorney;

   C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 and resulting dismissal was excusable because _____
   _____
   _____

   ☐ See attached continuation page

   D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ___
   _____
   _____

   ☐ See attached continuation page

   E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because _____
   _____
   _____

   ☐ See attached continuation page

   F. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: _____
   _____. From this, the Court may conclude that this case, if a case under Chapter 7, will result in a discharge or, if under Chapter 11 or 13, in a confirmed plan that will be fully performed.
   ☐ See attached continuation page

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                              F 4001-1M.IS

Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 6 of ____   F 4001-1M.IS

In re (SHORT TITLE)
HAWSHON DANIEL RILEY, DAGNY BRUNSGAARD RILEY,
                                                                Debtor(s).
CHAPTER: 11
CASE NO.: 10-36661-AA

G. ☐ For the following additional reasons _____

☐ See attached continuation page

4. ☐ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because _____

☐ See attached continuation page

5. **Grounds for Imposing a Stay:**

   a. ☒ Pursuant to 11 U.S.C. §362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:

   1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

   2. ☒ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons: This property is necessary for an effective reorganization as it is the Debtors' primary residence and this property is an integral part of Debtors' reorganization efforts.

   ☐ See attached continuation page

   3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection): _____

   ☐ See attached continuation page

   b. ☐ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual debtor pending within the year preceding the petition date were dismissed, because:

   1. ☐ The prior dismissal was of a case not refiled under Chapter 7 after dismissal under 11 U.S.C. § 707(b);

   2. ☐ Good faith is shown because _____

   ☐ See attached continuation page

   c. ☒ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

   1. ☒ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11, resulting in the prior dismissal(s) as follows: Debtors had requested that their prior Chapter 13 case be converted to a Chapter 11 case on May 7, 2010, and Debtors and Debtors' counsel did not appear at the 341(a) Meeting of Creditors on June 8, 2010 because they anticipated that their Chapter 13 case would be converted by that date. The Court dismissed their prior case on June 17, 2010 with a 180 day restriction.
   ☐ See attached continuation page

   2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 and resulting dismissal was as the result of the negligence of Debtor's attorney;

(Continued on next page)

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 4001-1M.IS

| Motion for Order Imposing a Stay or Continuing the Automatic Stay  - Page 7 of ____ | F 4001-1M.IS |
|---|---|
| In re (SHORT TITLE)<br>HAWSHON DANIEL RILEY, DAGNY BRUNSGAARD RILEY,<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 10-36661-AA |

3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ___
___
___
☐ See attached continuation page

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because ___
___
___
☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: ___
___(from which the Court may conclude that this case, if a case under Chapter 7, may be concluded with a discharge or, if under Chapter 11 or 13, with a confirmed plan that will be fully performed.
☐ See attached continuation page

6. ☐ For the following additional reasons ___
___
___
___
___
☐ See attached continuation page

d. ☒ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(4)(D)(ii) is overcome in this case because  Debtors had requested that their prior Chapter 13 case be converted to a Chapter 11 case on May 7, 2010, and Debtors and Debtors' counsel did not appear at the 341(a) Meeting of Creditors on June 8, 2010 because they anticipated that their Chapter 13 case would be converted by that date.  The Court dismissed their prior Chapter 13 case on June 17, 2010 with a 180 day restriction pursuant to 109(g).
___
☐ See attached continuation page

6. **Evidence in Support of Motion:**   *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
   a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
   b. ☒ Other Declaration(s) are also attached in support of this Motion.
   c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules.  Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.
   d. ☐ Other evidence *(specify):*

7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following** *(specify forms of relief requested):*

1. ☐ That the Automatic Stay be continued in effect as to *all creditors* until further order of the court.
2. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                                                      F 4001-1M.IS

Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 8 of ____          F 4001-1M.IS

| In re (SHORT TITLE) HAWSHON DANIEL RILEY, DAGNY BRUNSGAARD RILEY, | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NO.: 10-36661-AA |

3. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☒ That a Stay be imposed as to *all creditors* until further order of the court.

5. ☒ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☒ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by (specify proposed adequate protection) _____

8. ☐ For other relief requested, see attached continuation page.

Dated: 6/29/10

Respectfully submitted,

Hawshon Daniel Riley, Dagny Brunsgaard Riley
*Movant Name*

Law Office of Thomas P. Giordano
*Firm Name of Attorney for Movant (if applicable)*

By: _____
*Signature*

Name: Thomas P. Giordano, Esq.
*Typed Name of Individual Movant or Attorney for Movant*

## DECLARATION OF MOVANT

I, We/ Hawshon Riley, Dagny B. Riley, am the Movants/Debtors of Movant. I have read the foregoing motion consisting of ____ pages, and the attached materials incorporated therein by reference. I declare that the foregoing is true and correct to the best of my knowledge. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the debtor's account on or near the date of events recorded. I am one of the custodians of such business records. Executed this 29t day of June 29, 2 200 10 at Los Angeles, CA 900 .

/s/ Hawshon Daniel Riley, Dagny Brunsgaard Riley
(Signature of declarant)

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 4001-1M.IS

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Thomas P. Giordano<br>Law Office of Thomas P. Giordano<br>500 N. State College Blvd., Suite 530<br>Orange, CA 92868<br>(714) 912-7835 Fax: (714)627-4334<br>155548<br>☐ Attorney for: | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

Hawshon Daniel Riley
Dagny Brunsgaard Riley

Debtor(s).

CASE NO.: 10-36661-AA
CHAPTER: 11
ADV. NO.:

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

**PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY**

☐ Petition, statement of affairs, schedules or lists     Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists     Date Filed: _____
☒ Other: Declaration     Date Filed: _____

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

_____     Date: 6-29-10
*Signature of Signing Party*
**Hawshon Daniel Riley**
*Printed Name of Signing Party*

_____     Date: 6-29-10
*Signature of Joint Debtor*
**Dagny Brunsgaard Riley**
*Printed Name of Joint Debtor*

**PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY**

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

_____     Date: 6-29-10
*Signature of Attorney for Signing Party*
**Thomas P. Giordano 155548**
*Printed Name of Attorney for Signing Party*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

November 2006
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                                Best Case Bankruptcy